IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> RONALD GERRELL TRAVIS, <br><br> Defendant. | 1:10-cr-0047-WSD |

OPINION AND ORDER

This matter is before the Court on Defendant Ronald Gerrell Travis's Motion for Modification of Supervised Release [63] and Motion for Disposition of Motion [66].

**I.   BACKGROUND**

Defendant was indicted on February 2, 2010, by a federal grand jury charging him with: two counts of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841; one count of possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and one count of possession of two firearms by a convicted felon, in violation of 18 U.S.C. § 922(g).  On September 16, 2010, Defendant pleaded guilty to possessing two firearms as a convicted felon.  Defendant was sentenced on November 22, 2010, to

96 months imprisonment, to be followed by three years supervised release, with service of the first 12 months to be served in a halfway house.

Defendant timely appealed his 96-month sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Defendant argued that his sentence (which was at the high end of the applicable guideline range) was substantively unreasonable. On August 3, 2011, the Eleventh Circuit, in a *per curiam* unpublished opinion, affirmed the sentence imposed.

On June 5, 2013, Defendant filed a motion to modify the conditions of supervised release. Defendant remains in custody.

## II.   DISCUSSION

Defendant states that he has been confined for a period of 42 months, with 41 months of incarceration remaining on his sentence. During this time, Defendant states, he has been a model inmate and has demonstrated a superior work ethic, serving as an Inmate Care Provider and a Chaplain's Orderly, as well as performing other jobs. Defendant states that he has completed a 2-year correspondence course through the Stratford Career Institute in garden and landscaping to develop useful business skills upon release from custody. Defendant further claims he has been an active member in Alcoholics Anonymous (AA) and Narcotics Anonymous (NA), has completed the 6-month

Non-Residential Drug Program, and is awaiting entry into a 500-hour, 9-month Residential Drug Abuse Program.  Defendant further claims that he has participated in a number of other vocational and rehabilitative programs, documented on his Inmate Skills Development Plan, which he submitted to the Court.  Finally, Defendant states that while in custody, he has not committed any institutional disciplinary violations.

Defendant requests that the Court modify the supervised released portion of his sentence.  Specifically, Defendant requests that "the Unit Team recommendation and BOP [Bureau of Prisons] designated RRC halfway house of 6 to 12 months for rehabilitation efforts and good conduct be accepted by the court as satisfying the court's designated terms of one-year halfway house, other than Dismas house, while on supervised release."  What Defendant requests is not entirely clear, although he does state that he does not seek to change the three-year length of his supervised release or to change any other terms of his sentence. Defendant requests a modification of his supervised release terms so that he may to attend to his 80-year-old father when Defendant is released from prison. Defendant is an only child and he argues that his father would benefit from having Defendant's assistance and presence in his home.

The Government objects to Defendants request to modify the conditions of his supervised release and generally argues that Defendant does not cite any authority or a jurisdictional basis upon which this court may modify his sentence because Defendant does not allege an illegal[1] or a clearly erroneous[2] sentence.

Analysis

Section 3582 of Title 18, United States Code, provides in pertinent part:

> The court may not modify a term of imprisonment once it has been imposed except that-
>
> (1) in any case-
> . . .
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.

18 U.S.C. § 3582.  And Section 3583 authorizes the sentencing court to:

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice; [and to]

---

[1] Relief from an illegal sentence is available through direct appeal, 18 U.S.C. § 3742, or through a collateral attack of the sentence.  28 U.S.C. § 2255.

[2] The district court may correct a clearly erroneous sentence pursuant to Rule 35(a).  United States v. Yost, 185 F.3d 1178 (11th Cir. 1999).

> . . .
>
>> extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision;

18 U.S.C. § 3583(e)(1), (2).  See also United States v. Williams, 13-11083, 2013 WL 5912481 (11th Cir. Nov. 5, 2013) ("The district court is permitted, after considering the § 3553(a) factors, to 'modify, reduce, or enlarge the conditions of supervised release . . . pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision.'").

Defendant appears to argue that the Court may, under Section 3583(e)(2), "modify, reduce, or enlarge the conditions of supervised release" before he begins serving it.  The terms of the statute, however, appear to imply that the service of supervised release must have begun but may be revised before its "expiration" or "termination."  That is, the language of Sections 3583(e)(1) and (2) do not clearly give the Court authority to modify supervised release terms and conditions before a defendant is released from incarceration.

5

The Court, however, does not need to address whether Section 3583(e) allows a pre-release modification motion. Here, Defendant does not ask for a modification of any portion of his sentence other than the structure of his supervised release when that occurs about 35 months from now. That is, Defendant's request for modification is not timely. The Court suggests that when Defendant's supervised release begins, he promptly request any modification of his supervised release that he then believes is appropriate.

### III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Ronald Gerrell Travis's Motion for Modification of Supervised Release [63] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Disposition of Motion [66] is **DENIED AS MOOT**.

**SO ORDERED** this 3rd day of January 2014.

*[signature]*
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE